# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

DARRYL GILBERT EDWARD HEDGE      CIVIL ACTION NO. 06-1483

VS.      SECTION P

ROBERT HENDERSON, WARDEN      JUDGE DOHERTY

                       MAGISTRATE JUDGE METHVIN

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Darryl Hedge on August 14, 2006.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the C. Paul Phelps Corrections Center, DeQuincy, Louisiana where he is serving the hard labor sentence imposed following his 1997 conviction for driving while intoxicated (DWI) fourth offense in the Sixteenth Judicial District Court, Iberia Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that this petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it is time-barred by the provisions of 28 U.S.C. §2244(d) and petitioner is not entitled to equitable tolling.

---

[1] In a letter dated August 31, 2006 petitioner claimed that he deposited his *habeas corpus* petition with prison authorities on August 14, 2006. [see doc. 2] In the absence of contrary information, that date will be considered the date petitioner filed his federal *habeas corpus* petition. See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

*Background*

On December 1, 1997, petitioner pled guilty to one count of DWI fourth offense. [see Exhibit 1-H, Transcript of Plea] Prior to accepting the plea, the trial court advised petitioner that he could "... be sentenced to imprisonment at hard labor for not less than ten years, nor more than thirty years and may be fined not more than $5,000.00." [*id*., p. 47] Petitioner concurred in the factual basis for the plea. [*id*., p. 117] The court then sentenced petitioner to serve 10 years at hard labor and suspended all but 2 years of the sentence. [*id*., p. 158] The State objected to the sentence and advised that the sentence was not part of any plea agreement entered into by the State. The court then vacated the sentence and ordered a pre-sentence investigation. [*id*., p. 159]

On June 22, 1998, the sentencing hearing was convened. At the conclusion of the hearing the judge sentenced petitioner to serve 20 years at hard labor. [Exhibit 1-E and 1-F]

On July 14, 1998 petitioner's retained attorney, David Groner, filed a Motion to Reconsider sentence. [Exhibit 1-A-5]

On July 21, 1998 petitioner filed a *pro se* Motion to Reconsider Sentence. In that Motion petitioner alleged that his retained trial attorney had advised him that he had negotiated a plea agreement with the court and that the court would sentence petitioner to serve ten years at hard labor and suspend all but two years. He argued that the State objected when the trial court agreed to make this sentence executory thirty days later. Petitioner then alleged that based on the State's objection, the sentence was vacated and a pre-sentence investigation was ordered. Petitioner then argued that the prosecutor provided erroneous information to the court at sentencing and that this resulted in the imposition of a 20 year hard labor sentence. [Exhibit 1-A-1] In August, 1998 Mr. Groner filed a Motion and Order to have petitioner evaluated for drug treatment at Fairview

Outpatient Clinic in New Iberia. On August 5, 1998 that order was granted. [Exhibit 1-G]

On April 8, 1999 petitioner's attorney, Mr. Groner, wrote a letter to Mr. Bud Lee, an Assistant District Attorney. In that letter he noted,

> I have timely filed a Motion for Reconsideration of Sentence which is currently being held by the court and in my understanding the court has not yet rendered a decision. Some time back, we discussed that we would have Darryl evaluated by Fairview for treatment of his alcoholism problem upon his eventual release and that the court would consider recommendations from Fairview on his treatment in contemplating the reconsideration of sentence. It is my understanding that Darryl has yet to be evaluated by Fairview and that the Warden is making no arrangements for him to be brought to Fairview for an evaluation.... [*id*.]

On November 20, 2000 a hearing was convened on the Motions to Reconsider Sentence. At the conclusion of the hearing, the court amended the sentence and petitioner was sentenced to serve 20 years at hard labor, but 10 years of that sentence were suspended. [Exhibit 1-B; Exhibit 1-I]

On December 18, 2000 petitioner filed a *pro se* "Motion for Compliance with Judicial Plea Agreement ... and Motion to Reconsider Sentence." [See Exhibit 1-D][2]

On March 29, 2001, the State filed procedural objections to that pleading which was construed by the State to be an Application for Post-Conviction Relief. [Exhibit 1-C]

On April 2, 2001 the petitioner corresponded with the trial judge and advised that he did not intend for his previous pleading to be construed as an Application for Post-Conviction Relief and he therefore objected to the State's characterization as such. [Exhibit 1-D]

On May 10, 2001 petitioner submitted a hand-written *pro se* "Motion to Invoke Supervisory Jurisdiction." Therein he objected to the November 20, 2000 sentence as excessive.

---

[2] Petitioner did not provide a copy of this pleading; in a subsequent letter to Judge Williams he described the nature of the pleading and the date it was filed. [Exhibit 1-D]

He also complained that his attorney provided "bad advice" and that the transcripts of his plea and original sentencing had been altered. [Exhibit 1-G][3]

On June 20, 2001 petitioner filed a *pro se* application for post-conviction relief in the district court. He argued the following claims: (1) The trial court did not rule on petitioner's *pro se* motion for reconsideration; (2) Petitioner's due process rights were violated because he was not properly notified about the November 20, 2000 hearing and, had he been properly notified he would have tendered evidence; (3) The trial court breached its plea agreement with petitioner; (4) The transcripts of the plea and sentencing were maliciously altered; (5) Ineffective assistance of counsel based upon counsel's neglect and a conflict of interest; (6) Excessiveness of sentence; (7) La. R.S.14:98 is unconstitutional because the penalties prescribed are greater than those prescribed for vehicular homicide; and, (8) Malicious prosecution. [see doc. 1-1, paragraph 7(b)(iii); see also Exhibit 1]

On August 15, 2001, the State responded to petitioner's Application for Post-Conviction Relief and requested dismissal of each claim. [Exhibit 1-H-1]

On June 25, 2001 petitioner filed a writ in the Third Circuit Court of Appeals. On September 28, 2001, the Third Circuit granted petitioner's writ application and ordered the District Court to act on petitioner's Application for Post-Conviction Relief that was allegedly filed on or about June 20, 2001. *State of Louisiana v. Darryl Hedge*, KH 01-00812 (La. App. 3 Cir. 9/28/2001). [Exhibit M]

On February 4, 2002, petitioner, through retained counsel, Elizabeth Long, filed a Motion to Set Hearing on the previously filed application for post-conviction relief. [Exhibit 1-H-1]

---

[3] Petitioner refers to this pleading as his "story" or "brief."

On February 20, 2002, the District Court adopted the Answer to Application for Post-

Conviction Relief as its reasons for judgment and ordered the dismissal of petitioner's

Application for Post-Conviction Relief. [Exhibit 1-H-1]

Claim One (failure to rule on *pro se* Motion to Reconsider) was dismissed as follows,

 LSA C.Cr.P. art. 930.3, which sets out the exclusive grounds for granting post-
conviction relief, provides no basis for review of claims of excessiveness or other
sentencing error post-conviction. *State ex rel. Melinie v. State*, 93-1380 (La.
1/12/96), 665 So.2d 1172. Claim One raises sentencing error and therefore fails to
allege a claim which, if established, would entitle the Defendant to relief.
Accordingly, Claim One should be dismissed pursuant to the provisions of LSA
C.Cr.P. Art. 928.

Claim Two (violation of due process/lack of notice) was dismissed as follows,

Claim Two raises issues related to sentencing error and therefore fails to allege a
claim which, if established, would entitle the Defendant to relief.  Accordingly,
Claim Two should be dismissed pursuant to the provisions of LSA C.Cr.P. Art.
928.

Claim Three (breach of plea agreement) was resolved as follows,

The facts, as reflected by the plea transcript establish that there was no plea
agreement with the Defendant and the State; the agreement with the Defendant
and the Court was for sentencing following a pre-sentence investigation. The
Court erred when it initially sentenced the Defendant without benefit of the PSI,
but corrected its error in accordance with Art. 881.

Claim Four (maliciously altered transcripts) was dismissed as follows,

As with Claims One and Two above, this Claim fails to state a claim for which
relief may be granted. See LSA C.Cr.P. Art. 930.3. It should be dismissed in
accordance with LSA C.Cr.P. Art. 928.

Claim Five (ineffective assistance of counsel) was resolved as follows –

In order to prove that counsel was ineffective, a defendant must meet the two-
prong test enunciated by the Supreme Court. First, a defendant must show that

counsel's performance was deficient. Second, a defendant must show that this deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 505 So.2d 714 (La. 1987), *cert. denied*, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). In a guilty plea, a defendant must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Washington*, 491 So.2d 1337, 1339 (La. 1986), quoting *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)...

With respect to the allegation that Groner failed to file a Motion for Discovery, Hedge has not shown what information would have been discovered and how that information would have influenced his decision to plead guilty...

Hedge also claims that his attorney did nothing to protect him once the plea agreement was broken. As stated above, there was no breach of the plea agreement. Since the underlying premise is incorrect, the conclusion that counsel was ineffective is likewise incorrect.

Hedge's claims that Groner did not obtain a copy of the PSI prior to sentencing and that he failed to warn Hedge that if he testified at the sentencing hearing he would be subject to cross examination are without merit. Whether or not Groner was in receipt of the PSI and whether or not he advised Hedge as alleged are of no moment; Hedge cannot claim that these errors, even if true, influenced his decision to plead guilty, and therefore, according to *Hill, supra*, he cannot establish ineffective assistance of counsel.

Finally, Hedge's claim that Groner failed to take any action on the alleged alteration of the transcripts of the proceedings is for the reasons stated above, without merit. First, Hedge has not established the truth of his absurd allegation; second, the accuracy or not of the transcripts has no bearing on whether or not Hedge's plea was voluntary.

As to Claim Six (excessiveness of sentence), that claim was the subject of the same procedural default raised in Claims One and Two ("... LSA C.Cr.P. Art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness...").

Claim Seven (unconstitutionality of R.S.14:98), was denied in accordance with *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In that case the Supreme Court

recognized the overriding interest of the states in applying recidivist statutes.

Finally, with regard to Claim Eight (malicious prosecution) that claim was dismissed because it failed to state a claim which would entitle the defendant to relief pursuant to LSA C.Cr.P. art. 928. [Exhibit 1-H-1, B]

On April 3, 2002 petitioner's retained attorney, Elizabeth Long, filed a notice of intent to seek supervisory review in the Third Circuit Court of Appeals. On April 5, 2002, the trial court signed an order granting petitioner a period of thirty days within which to seek writs. [Exhibit 1-H-1]

On May 6, 2002, petitioner, through retained counsel, Elizabeth Long, filed an application for supervisory writs in the Third Circuit Court of Appeals. [Exhibit 1-H-1; see also Exhibit 2, page 3-H]

On March 31, 2003 the Third Circuit Court of Appeals denied writs. *State of Louisiana v. Darryl Hedge*, KW 02-00501 (La. App. 3 Cir. 3/31/2003) finding,

> Relator has failed to establish there was a plea agreement in his case, that La. R.S.14:98 is unconstitutional, that the transcripts of the proceedings have been altered, that his counsel rendered ineffective assistance, or that he was maliciously prosecuted. Furthermore, the sentencing errors Relator alleges are not properly before us on review. See *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96); 665 So.2d 1172. Additionally, an evidentiary hearing was not necessary to resolve the claims raised by Relator. See La. Code Crim.P. art. 929(A). [Exhibit 2, p. 3-H]

Meanwhile, the Louisiana Department of Corrections determined that petitioner was eligible for diminution of sentence and released him on parole on April 12, 2003. [Exhibit 1-K]

On December 12, 2004 petitioner corresponded with Judge Lori Landry of the Sixteenth Judicial District Court. Petitioner reminded Judge Landry that he had appeared before her for a

probation revocation hearing on December 6, 2004. Petitioner enclosed a copy of a writ application he claimed that he was submitting to the Louisiana Supreme Court on that date.[4]

Petitioner apparently filed this "Out of Time Appeal And Application for Supervisory Writ" in the Louisiana Supreme Court on November 5, 2004. [Exhibit 2][5] Petitioner introduced this pleading as follows –

> In the interest of justice, if this Honorable Court will accept this untimely appeal for the reasons set forth in the following pages (which from lack of legal knowledge first made the request to the court of appeals which served notice of time limits) petitioner believes that he has finally learned enough about the law to properly explain his complaints and legal issues in the arguments contained in this brief accompanying the original Application for Post-Conviction Relief. No new issues have been raised. Petitioner has only defined his argument clearly, for this Honorable Court, and believes that the Court may find that he is entitled to the relief for which he prays. [*id.*, p. 1]

Following this introduction, petitioner submitted an "Application for Untimely Appeal" which stated in pertinent part,

> Now into this Honorable Court comes Darryl Hedge pleading that his right to appeal be preserved for the following reasons ... that he mistakenly (because of

---

[4]Attachments to his writ application included – a hand-written copy of an unpublished Third Circuit writ ruling dated September 28, 2001 which purportedly ordered the district court to act on petitioner's June 20, 2001 application for post-conviction relief; a hand-written copy of the "Out-of-Time Appeal and Application for Supervisory Writ" dated December 12, 2004 and directed to the Louisiana Supreme Court under Docket Number 2004-KH-2956; hand-written copies of pleadings filed in the Third Circuit Court of Appeals and hand-written copies of that court's response to those pleadings; a partial copy of a letter dated June 14, 2004 from his attorney Elizabeth Long, and, a complete copy of a letter dated August 18, 2004 from Ms. Long to petitioner (this letter advised, "I am in receipt of your August 11, 2004 letter. On April 10, 2003 a correspondence was sent to you with the enclosed of the Third Circuit's Ruling denying the Writ. At that time you were advised of a deadline of April 30, 2003 to file a Writ to the Supreme Court along with a quote for my fee for services for the same." Attached to this letter was a copy of a letter dated April 10, 2003 from Ms. Long to petitioner which advised, "Please find enclosed a copy of the March 31, 2003 ruling by the Court of Appeal, Third Circuit ... Please be advised that you have until April 30, 2003 to file a Writ of Certiorari to the Louisiana Supreme Court ..."); and, a copy of the Third Circuit's writ denial in the matter of *State of Louisiana v. Darryl Hedge*, No. KW 02-00501 dated March 31, 2003.

[5] Elsewhere petitioner alleged that he filed his pleadings on November 5, 2004. See Exhibit 3 at p. 1.

limited legal knowledge) applied to the Third Circuit...[6]

Petitioner also would like to inform the Court that he is still having problems getting my paperwork from my former attorney, Elizabeth A. Long. She only this week (October 28, 2004) mailed a partial copy of my Post-Conviction Relief filing. The 'Uniform Application' is missing along with several of my claims which are vital to may case. I am in need of the copy of the original which I turned over to Ms. Long when I retained her 'for the entire appeal process.' (In my eyes she should have filed this long ago...

I would ask that this Honorable Court grant an untimely appeal and give time limitations according to my receipt of my copy of Post Conviction Relief... Wherefore, I Darryl Hedge, pray this Honorable Court will grant the filing of an Untimely Appeal for the reasons set forth in the attached documents which were sent back to me from the Third Circuit Court. [id., pp. 2-3]

In this writ application, petitioner articulated the following "Issues and Questions of Law"

(1) Whether as a matter of law, petitioner could knowingly and intelligently waiver his due process rights when four of the elements discussed as to be surrounding the plea, before being 'Boykinized', were removed from the sentence, after petitioner waived his rights and entered a plea of guilty. (Petitioner's Claim number 3.)

(2) Petitioner's Claim number Five, Ineffective Assistance of Counsel. Whether as a matter of law Petitioner suffered prejudice from counsel's misrepresentations and failure to investigate options for defense, and failure to properly advise his client, and failure to protect his client's rights.

(3) Whether as a matter of law, that the claims and issues raised by Petitioner in his Application for Post Conviction Relief entitle him to an evidentiary hearing.

---

[6] Petitioner had apparently filed his writ application in the Third Circuit and on September 24, 2004, the court returned his filing with an instruction that he submit his pleadings to the Louisiana Supreme Court. [*id.*, p. 3-A] The pleading submitted to the Third Circuit was entitled "Application for Untimely Appeal Pleading for Preservation of Rights to File for Writ of Certiorari to Louisiana Supreme Court Due to Error on Part of My Attorney." In that pleading petitioner alleged that he had been released from the physical custody of the Louisiana Department of Public Safety and Corrections on April 12, 2003. He claimed that upon his release he notified his attorney, Ms. Long, of his new address and telephone number and that he requested information concerning the status of his writ application in the Third Circuit Court of Appeals. Finally, he advised that he did not become aware of the Third Circuit's March 31, 2003 writ denial until August 23, 2004. [id., pp. 3-B – 3-H]

[id., p. 6]

Thereafter, he submitted formal Assignments of Error:

> (1) It is respectfully submitted that the trial court erred in not offering Petitioner the right to reconsider his plea, once the elements, discussed, surrounding the plea, were removed from the sentence.

> (2) That severe prejudice was suffered by Petitioner because of counsel's errors, failures, and representations.

> (3) That the trial court and the Court of Appeals, Third Circuit, erred in finding that the issues and claims raised by Petitioner could be dismissed without an evidentiary hearing. [id.]

Then, on July 18, 2005 he submitted an "Attachment to 'Out of Time Appeal and Application for Supervisory Writs.'" [*id.*, Exhibit 3] He introduced this pleading as follows, "Petitioner would now humbly submit this explanatory statement to the Honorable Court because he now realizes that his out-of-time appeal and application for supervisory writs was not only mistitled and should be titled as an Application for Writ of Certiorari but was also deficient because petitioner was unclear in his explanation that due to his lack of knowledge he had originally filed his application for an out-of-time appeal from the Third Circuit to the Third Circuit itself..." [*id.*, p. 1] Therein petitioner argued additional claims for relief,

> (A) Petitioner was denied due process when the trial court amended the sentence after the state's objection. [The] original sentence [is] still valid. [*id.*, p. 4];
> (B) Misinformation by counsel as to the consequences of the plea and the trial judge's involvement in the plea caused petitioner to change his plea involuntarily. [*id.*, p. 6];
> (C) Ineffective assistance of counsel, Attorney David Groner. [*id.*, p. 10]; and,
> (D) Ineffective assistance of counsel, Attorney Elizabeth A. Long. [*id.*]

On August 19, 2005 this writ application was denied without comment. *State of Louisiana ex rel. Darryl Hedge*, 2004-2956 (La. 8/19/2005), 908 So.2d 662.

Petitioner's federal *habeas corpus* petition, filed on August 14, 2006 (see footnote 1, supra) specifies four grounds for relief: (1) Breach of plea agreement [doc. 1-1, paragraph 5(a); doc. 1-3, p. 6]; (2) State courts erred in denying a post-conviction evidentiary hearing [id., paragraph 5(b)]; (3) The trial court's participation in the plea agreement coerced defendant to plead guilty [id., paragraph 5(c); doc. 1-3, p. 18]; and, (4) Ineffective assistance of counsel [id., paragraph 5(d); doc. 1-3, p. 21].

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[7] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an

---

[7] Petitioner does not suggest that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He does not allege, nor do the pleadings and exhibits suggest, the existence of an "impediment to filing ... created by State action..."; nor does he allege the existence of a retroactively applicable right newly recognized by the United States Supreme Court; nor does he allege the late discovery of the factual predicate of his claims.

application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on June 22, 1998, however, both his counseled and *pro se* Motions to Reconsider Sentence remained pending until November 20, 2000 when those motions were granted and petitioner's sentence was amended and reduced by one-half. Petitioner did not appeal, therefore, for AEDPA purposes, his judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], five days following the imposition of sentence[8] or, on or about November 30, 2000.[9] Petitioner therefore had until November 30, 2001 to file his federal *habeas corpus* petition.

He was able to toll the limitations period from December 18, 2000 (the date he claims to have filed his *pro se* "Motion for Compliance with Judicial Plea Agreement ... and Motion to Reconsider Sentence" [Exhibit 1-D] through March 31, 2003 when the Third Circuit Court of Appeals ultimately denied writs in the matter of *State of Louisiana v. Darryl Hedge*, KW 02-

---

[8] See La. C.Cr.P. art. 914(b)(2) which, at the time of petitioner's re-sentencing, provided, "The motion for an appeal must be made no later than [f]ive days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1..." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend that time period to thirty days.

[9] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was re- sentenced on Monday, November 20, 2000. The five day delay for filing an appeal commenced on Tuesday, November 21, and, since Thursday November 23 (Thanksgiving) through Sunday November 26 were holidays, the period expired on Wednesday, November 29, 2000.

00501 (La. App. 3 Cir. 3/31/2003) [Exhibit 2, p. 3-H].[10]  However, once the Third Circuit denied

writs, there were no longer any "post-conviction or other collateral review" pending.  Thereafter,

a period of approximately 18 months elapsed when, on September 24, 2004[11] petitioner filed his

"Out of Time Appeal and Application for Supervisory Writs" in the Third Circuit Court of

Appeals.  However, by the time of that filing, petitioner's one-year AEDPA limitations period

had already long expired, and, as shown above, even the filing of an otherwise timely collateral

attack could not revive it. *See Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196,

197 (5th Cir.1998).

      Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to

present any "rare and exceptional circumstances" warranting the application of equitable tolling.

See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216

F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v.

Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th

Cir.1999).  "Equitable tolling applies principally where the plaintiff is <u>actively misled by the

defendant</u> about the cause of action or is prevented in some extraordinary way from asserting his

rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124,

---

[10] Petitioner has not produced a copy of the pleading he claims to have filed on December 18, 2000. The only evidence that such a pleading was filed is the reference to the pleading contained in petitioner's *ex parte* communication to Judge Williams dated April 2, 2001. [Exhibit 1-D] Nevertheless, since the pleading was ultimately construed by the State and the trial court to be a post-conviction proceeding, for the purposes of this Report, it will be assumed that the pleading was a valid "State post-conviction or other collateral review" and thus sufficient to toll limitations. See 28 U.S.C. §2244(d)(2).

[11] See footnotes 4, 5, and 6, *supra.* Petitioner filed an "out-of-time" writ application in the Third Circuit Court of Appeals on September 24, 2004; that court returned his filing with an instruction that he submit his pleadings to the Louisiana Supreme Court. [*id.*, p. 3-A] Thus, September 24, 2004 is the earliest date that petitioner could be said to have attempted to restore his otherwise expired right to seek further review in the Louisiana Supreme Court.

128 (5th Cir.1996). Petitioner claims that the untimeliness of his Supreme Court writ

applications should be attributed to his retained post-conviction counsel's failure to promptly

notify him of the Third Circuit's writ denial. However, counsel's delay in notifying a petitioner

of the result of the appeal process does not constitute a basis for equitable tolling. *Moore v.*

*Cockrell*, 313 F.3d 880 (5th Cir.2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003); see

also, *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002) ("[M]ere attorney error or neglect is

not an extraordinary circumstance such that equitable tolling is justified.").

Further, equitable tolling should only be applied if the applicant has diligently pursued

§ 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d

508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct.

2564 (2000). The record herein demonstrates that petitioner allowed almost an entire year to

elapse between the Supreme Court's August 19, 2005 writ denial [see *State of Louisiana ex rel.*

*Darryl Hedge*, 2004-2956 (La. 8/19/2005), 908 So.2d 662] and August 14, 2006, the day he filed

his federal petition.

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of

§2244(d)(1)(A) and dismissal on that basis is appropriate.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND**

**DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year

limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 12, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)